**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4573**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

JONATHAN C. HAMLETTE,

            Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Catherine C. Blake, District Judge.
(1:01-cr-00596-CCB-1)

Submitted:  February 6, 2009      Decided:  February 18, 2009

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Sapna Mirchandani, OFFICE
OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for
Appellant.  Philip S. Jackson, Assistant United States Attorney,
Baltimore, Maryland.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan Hamlette appeals his sentence of twenty-one months' imprisonment and twelve months' supervised release imposed after the district court revoked his previous term of supervised release. In Hamlette's notice of appeal, he contends that any sentence imposed upon revocation of his supervised release was limited to two years. Hamlette's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), alleging both that the district court failed to sufficiently articulate its reasons for imposing a twenty-one month term of imprisonment and that the sentence imposed is unreasonable because the district court failed to adequately consider alternatives to imprisonment. Counsel states, however, that he has found no meritorious grounds for appeal. We affirm.[*]

Because Hamlette did not object to the district court's failure to articulate the reasons for its sentence, we review for plain error. United States v. Olano, 507 U.S. 725, 732 (1993); United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). In United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2005), we held that "revocation sentences should be reviewed to determine whether they are 'plainly unreasonable' with regard to

---

[*] Although Hamlette was informed of his right to file a pro se supplemental brief, he has not done so.

those 18 U.S.C. § 3553(a) (2006) factors applicable to supervised release revocation sentences." We recognized that review of a sentence imposed on revocation of supervised release involves both procedural and substantive components. Id. at 438. A sentencing court must provide a sufficient explanation of the sentence to allow effective review of its reasonableness on appeal. United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007) (probation revocation). The court need not "robotically tick through § 3553(a)'s every subsection," or "explicitly discuss every § 3353(a) factor on the record." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

Our review of the record in this case leads us to conclude that the district court's reasons supporting its sentencing decision are sufficiently apparent from the record. We conclude that the sentence is neither procedurally nor substantively unreasonable. See United States v. Finley, 531 F.3d 288, 297 (4th Cir. 2008). We find that the district court complied with all relevant statutory provisions in imposing his sentence.

In accordance with Anders, we have reviewed the record in this case and found no meritorious issues for appeal. Accordingly, we affirm Hamlette's conviction and sentence. This court requires that counsel inform Hamlette, in writing, of the right to petition the Supreme Court of the United States for

further review.  If Hamlette requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Hamlette.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED